IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ISRAEL RODRIGUEZ,                           )
                                            )
                    Plaintiff,              )          Civil Case No. 09-850-KI
                                            )
          vs.                               )          OPINION AND ORDER
                                            )
CITY OF PORTLAND, OFFICER                   )
CARLOS PAGAN, OFFICER ROBERT                )
BROWN, OFFICER WALKER BERG,                 )
and OFFICER JACOB CLARK,                    )
                                            )
                    Defendants.             )
                                            )
_____        )

          Benjamin Haile
          620 SW Main Street, Suite 615
          Portland, Oregon  97205

                    Attorney for Plaintiff

          David A. Landrum
          Office of City Attorney
          1221 SW Fourth Avenue, Room 430
          Portland, Oregon  97204

                    Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Defendants City of Portland, Officer Carlos Pagan, Officer Robert Brown, Officer Walker Berg, and Officer Jacob Clark (collectively, "the City") move to dismiss plaintiff Israel Rodriguez' Fifth Claim for Relief, negligence under ORS 30.265, on the basis that the claim is impermissibly based on the same facts as Rodriguez' constitutional claims under 42 U.S.C. § 1983. For the reasons set forth below, I deny the motion.

## ALLEGED FACTS

On June 22, 2007, Rodriguez was a passenger in his brother's vehicle. Portland police stopped the vehicle near SE 108th Avenue and Foster Rd. Rodriguez got out of the vehicle and lay in a prone position on the ground as his brother was taken into custody. Rodriguez yelled insults at the officers, and "[t]hree or more officers jumped on top of Mr. Rodriguez. Several landed on their knees on the head of Mr. Rodriguez." Compl. ¶ 7. Shortly thereafter, police handcuffed Rodriguez and placed him in a patrol car.

Rodriguez then asked an officer to open the door so he could spit gravel and dirt out of his mouth. Rodriguez spit on the ground, and "[i]mmediately thereafter, [an officer] grabbed Mr. Rodriguez by the neck and choked him." Compl. ¶ 9.

The officers wrote in their reports that Rodriguez had spit on them, and charged him with two counts of harassment. On May 14, 2009, Rodriguez was acquitted of the two counts by a Multnomah County jury.

During the incident Rodriguez suffered a severe concussion, other head injuries, and serious injury to the neck and throat.

Rodriguez' First Claim for Relief, unreasonable seizure by excessive force under 42 U.S.C. § 1983, states, "[t]he conduct of [the] officers . . . in *intentionally* jumping on Mr. Rodriguez and landing on his head . . . and Officer Pagan's act of choking him violated the plaintiff's right . . . to be free from excessive force."  Compl. ¶ 13. (emphasis added).

Rodriguez' Second Claim for Relief, constitutional rights violations under  42 U.S.C. § 1983, states, "[t]he City, *recklessly* failed to adequately supervise, train, and discipline members of the Portland Police Bureau regarding the appropriate use of force."  Compl. ¶ 17. (emphasis added).

Rodriguez' Fifth Claim for Relief, negligence under ORS 30.265, states that the officers "*breached their duty* to prevent harm to Mr. Rodriguez while he was in their custody."  Compl. ¶ 36. (emphasis added).

The City argues the court should dismiss the Fifth Claim for Relief, negligence, on the grounds that it is impermissibly based on the same facts as plaintiff's First and Second Claims for Relief under 42 U.S.C. § 1983, and therefore fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and its test that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim").  A plaintiff does not need to allege detailed facts, but such a requirement demands "more than labels

and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and quotations omitted). Normally, the review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Diaz v. Int'l Longshore and Warehouse Union, Local 13, 474 F.3d 1202, 1205 (9th Cir. 2007).

## DISCUSSION

The City cites Shilo v. City of Portland, No. CV 04-130, 2005 WL 3157563 at * 1-2 (D. Or. Nov. 22, 2005), for the proposition that a plaintiff cannot maintain a negligence claim based on the same alleged facts which underlie a claim brought pursuant to 42 U.S.C. § 1983. Following Shilo, other courts in the District of Oregon have accepted that "a state common-law claim of negligence may be maintained separately from a § 1983 claim only when the negligence claim is based on facts that are different from the facts on which the § 1983 claims are based." Whitfield v. Tri-Metropolitan Transp. Dist., No. CV 06-1655, 2009 WL 839484 at *11 (D. Or. Mar. 30, 2009). But this standard does not apply at the initial pleading stage.

Federal Rule of Civil Procedure 8(d)(2) provides, "[a] party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones." Moreover, "[a] party may state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). For example, at the initial pleading stage, Rule 8 permits an allegation of negligence in one count and an allegation of intentional action, based on the same facts, in another. See Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir. 1985)

Page 4 - OPINION AND ORDER

(plaintiff could allege both that government learned of risk to which it had exposed him and negligently failed to warn him of prospective harm and, in a separate count, that the government had deliberately exposed him to a risk of which it was aware). The function of pleadings, after all, is to "giv[e] the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved; the discovery process bears the burden of filling in the details." 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1215 (2d. ed. 1987).

In the instant case, Rodriguez argues that although it is more likely the officers acted intentionally than negligently, "it is entirely plausible . . . that officers will testify that they did not mean to land on Mr. Rodriguez with such force." Pl.'s Resp. to Def.'s Mot. to Dismiss 5. Rodriguez argues that claims which are not supported by evidence obtained in discovery will be weeded out in summary judgment or by plaintiff's own motion. I find Rodriguez' argument persuasive.

"[W]hen the issues are complicated or motives and intent are important, putting plaintiffs to the test . . . without ample opportunity for discovery is particularly disfavored." <u>Texas Partners v. Conrock Co.</u>, 685 F.2d 1116, 1119 (9th Cir. 1982).

In any event, the principle set forth in <u>Shilo</u> and its progeny does not conflict with Rule 8 and does not apply at the initial pleading stage. Both <u>Shilo</u> and <u>Whitfield</u> granted summary judgment. <u>Shilo</u>, 2005 WL 3157563 at *2 n.1, <u>Whitfield</u>, 2009 WL 839484 at *11. Plaintiffs confront different hurdles on a motion for summary judgment than on a motion to dismiss. <u>See Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may

suffice . . . . In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts." ). Accordingly, I hold that at the initial pleading stage a plaintiff may base claims of negligence under state law and claims of constitutional violations under 42 U.S.C. § 1983 on the same facts.

## CONCLUSION

The City's Motion to Dismiss in Part (#6) the negligence claim is accordingly denied without prejudice to a summary judgment motion on the same grounds after an opportunity for discovery.

IT IS SO ORDERED.

Dated this _____20th_____ day of October, 2009.


_____/s/ Garr M. King_____
_____    Garr M. King
United States District Judge